Milligan, J.,
delivered the opinion of the court:
This suit was originally brought in the name of Mary Reilly, a, married woman, but subsequently, on motion of the claimant’s attorney and leave of the court, her husband, James Reilly, was substituted, and the case ordered to proceed to judgment in his name alone.
The claimant was a resident of the State of Georgia, and the cotton on which this action is founded was purchased in that State by his wife, in her own name, and in the absence of her husband. The means with which the purchases were made were originally derived from the personal property, notes, &c., of the husband, which appear to have been greatly increased by the traffic, skill, and industry of the wife in his absence.
The cotton claimed consisted of two separate lots, each of which contained thirty bales, making, together, sixty bales. One was bought of John A. Douglass, and paid for at the date of purchase, and placed on storage at the “Central Cotton Press” in Savannah, and the other was in the claimant’s possession, but it does not appear from whom it was purchased. It was stored in the claimant’s stable, and in the yard around his dwelling-house, and claimed and protected by the wife. Both lots vrere seized by the United States military, after the occupation of the city by General Sherman, shipped to New York, and there sold, and the proceeds paid into the Treasury.
There is no satisfactory evidence that the claimant, James Reilly, was loyal to the Government of the United States throughout the rebellion, or that he at any time took the oath of amnesty authorized by the President in any of his proclamations.
*506 Tlie principal question presented on these facts is, wJietber or not tbe Husband, who is the sole claimant under the amended petition, can maintain this action in his own name? The wife, as we have seen, purchased the cotton in her name, in the absence of her husband, and claimed it as her own. The means with which it was purchased were derived from the husband’s estate, but greatly increased by the sole management and skill of the wife. At the common law there is no doubt of the husband’s right to maintain an action in his own name for his wife’s acquisitions. But this case rests on the statutes of Georgia, and must be governed by them.
The code of Georgia, section 1700, declares: “In this State the husband is the head of the family, and the wife is subject to him; her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection or for her'benefit or for the preservation of public order.”
Section 1701 provides that “'all the real estate of the wife, and all her personalty in possession, or which may be reduced to possession by the husband during his life, shall vest in and belong absolutely to the husband, except that such property shall not be liable to the payment of any debt, default, or contract of the husband existing at the time of the marriage.”

ft ft ft ft ft ft ft-

Section 1702 further provides that “ all property given to the wife during the coverture, or acquired by her, shall vest in the husband; but any words in the gift or bequest indicating1 a wish for the personal enjoyment thereof by the wife, such as a gift to the wife byname, shall create a separate state therein for her, and in no case shall the personal acquisitions of the wife be subject to the debts of the husband. Property inherited by the wife during the coverture, and reduced into possession by the husband, shall vest in him as property owned by the wife at the marriage, but in like manner not subject to the then existing debts or contracts of the husband.”
But strict as these provisions are, the wife, under certain restrictions, may become “ a public or free trader.”
Section 1708 provides that “the wife, by consent of her husband, evidenced by notice in a public gazette for one month, may become a public or free trader, in which event she is liable as feme-sole for all her contracts, and may enforce the same in her *507 owu name. In such cases the acquisitions of tlie wife become-her separate estate.”
It is obvious from the foregoing sections that the common, law, in respect to husband and wife, is substantially recognized by statute in Georgia, and that the husband can sue for and recover in his own name the acquisitions of the wife. There-seems to be onljr one exception to this rule, and that is, when the wife, under the 1708th section of the code, with the consent of the husband, evidenced by notice in a public gazette for one month, has become a “ public or free dealer.” In such a case-she is liable as a feme-sole for all her contracts, and may sue in her own name for. her acquisitions.
But in this case there is no pretense that she was a free trader under the statute, and the action is properly prosecuted in the husband’s name.
The claimant’s want of loyalty to the United States, under-the President’s proclamation of the 25th of December, 1868, and the decisions of the Supreme Court in Klein’s and Amstrong’sOases, constitutes no bar to this action. He is purged of his former treason by the President’s amnesty granted in his proclamation, and lie may now prosecute this suit with no other-proof of loyalty than the amnesty granted in the proclamation-of December 25,1808.
The case in all other respects is fully made out. The title to-sixty bales of cotton is established; their seizure, sale, and payment of the proceeds into the Treasury proven, and it only remains to ascertain the amount for which judgment shall be-entered.
The cotton was upland, ¡jnd the net proceeds per bale $175.33, which gives the aggregate sum of $10,519.80, for which judgment will be entered.